UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LM RESTAURANT GROUP, LLC, | ) | |
| | ) | |
| Plaintiff/Counter-Defendant, | ) | |
| | ) | |
| v. | ) | 22 C 5942 |
| | ) | |
| GOLDFARB MANAGER, INCS., BASALT HOSPITALITY, LLC, L & M PARKSIDE, LLC, and L & M FINER FOODS, LLC, | ) ) ) ) | Judge Charles P. Kocoras |
| Defendants/Counter-Plaintiffs. | ) | |

## ORDER

Plaintiff/Counter-Defendant LM Restaurant Group, LLC's ("LM Restaurant") Motion to Dismiss Count II of Defendants/Counter-Plaintiffs L &M Parkside, LLC and L & M Finer Foods, LLC's (collectively, "L&M") Counterclaim [13] is granted. Count II of the Counterclaim is dismissed. Telephonic status is set for 3/9/2023 at 10:00 a.m.

## STATEMENT

This lawsuit concerns L&M's alleged use of an infringing mark which caused actual confusion between the parties' businesses. After months of discussions between the parties, an agreement could not be reached and LM Restaurant filed suit, bringing claims against Defendants for violations of federal trademark law, the Illinois Uniform Deceptive Trade Practices Act, and Illinois common law.

L&M filed a two-count counterclaim against LM Restaurant for a declaration of invalidity and noninfringement and for tortious interference with prospective economic

advantage. LM Restaurant moves to dismiss the tortious interference claim under Federal Rule of Civil Procedure 12(b)(6). The allegations relevant to the tortious interference claim are as follows.

L&M alleges LM Restaurant was aware at the time it filed its complaint that L&M had closed the operations of its restaurant and were actively negotiating the sale of the restaurant's assets with a certain purchaser. Despite this knowledge, LM Restaurant initiated this action naming L & M Parkside as a defendant, and "did so with malicious intent to interfere in the imminent sale of the restaurant's assets and to induce or cause a breach [or] termination of those negotiations for the sale of Parkside Restaurant's assets." Counterclaim, ¶ 34. As a result of this interference, L&M suffered damages.

A motion to dismiss under Rule 12(b)(6) "tests the sufficiency of the complaint, not the merits of the case." *McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 878 (7th Cir. 2012). A plaintiff need not provide detailed factual allegations, but it must provide enough factual support to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient to withstand a Rule 12(b)(6) motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is facially plausible if the complaint contains sufficient alleged facts that allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. When evaluating a motion to dismiss, the Court accepts as

true well pled facts in the complaint and draws all reasonable inferences in favor of the plaintiff. *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011).

LM Restaurant argues the tortious interference with prospective economic advantage claim cannot stand because the claim is solely based on LM Restaurant's filing of this lawsuit. The Court agrees.

"Under Illinois law, the only cause of action recognized for the wrongful filing of a lawsuit is one for malicious prosecution or abuse of process." *Havoco of Am., Ltd. v. Hollobow*, 702 F.2d 643, 647 (7th Cir. 1983) (citing *Lyddon v. Shaw,* 56 Ill. App. 3d 815 (2d Dist.1978)). This principle "applies whether the alleged interference involves an existing contract or a prospective business relationship." *Shield Techs. Corp. v. Paradigm Positioning, LLC*, 2012 WL 4120440, at *4 (N.D. Ill. 2012).

Recognizing that its claim for tortious interference fails, L&M alternatively argues that Count II sets forth a claim for malicious prosecution. But this cannot be so, because one of the elements of a malicious prosecution claim is the termination of the alleged unjustified proceeding in the plaintiff's favor. *See Reed v. Doctor's Assocs., Inc.*, 355 Ill. App. 3d 865, 873 (5th Dist. 2005). L&M cannot establish this element.

LM Restaurant's motion to dismiss [13] is granted and Count II of the Counterclaim is dismissed. Telephonic status is set for 3/9/2023 at 10:00 a.m. It is so ordered.

Dated: 2/22/2023

Charles P. Kocoras
United States District Judge

3